# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ALFONSO J. DIAZDELCASTILLO, <br> Appellant, | DOCKET NUMBER <br> DC-1221-16-0507-W-1 |
| v. | |
| DEPARTMENT OF HOMELAND <br> SECURITY, <br> Agency. | DATE: June 22, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alfonso J. Diazdelcastillo, Brooksville, Florida, pro se.

Aaron Baughman, Esquire, and Carley D. Bell, Esquire, Arlington, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](#)).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[2] Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  [5 C.F.R. § 1201.113](#)(b).

## BACKGROUND

¶2    The appellant, a Principal Security Inspector for the agency's Transportation Security Administration (TSA), filed this IRA appeal and requested a hearing.  *Diazdelcastillo v. Department of Homeland Security*, MSPB Docket No. DC-1221-16-0507-W-1, Initial Appeal File (0507 IAF), Tab 1.  The administrative judge issued an order informing the appellant of his jurisdictional burden and directing him to file evidence and argument on the issue.  0507 IAF, Tab 7.  Both the appellant and the agency responded.[3]  0507 IAF, Tabs 13-25, 29. In his response, the appellant alleged that the agency had taken 35 personnel actions against him in retaliation for 3 protected disclosures that he made to the Office of Special Counsel (OSC) in April 2008.  0507 IAF, Tab 13 at 4-24.

---

[2] Because we so find, we need not address the timeliness of the appellant's petition for review.  *See Edwards v. Department of Homeland Security*, [110 M.S.P.R. 243](#), ¶ 7 n.* (2008).

[3] As set forth in greater detail in the initial decision, the appellant submitted over 1,400 pages of documents with his jurisdictional response.  0507 IAF, Tab 43, Initial Decision at 10.

¶3        Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. 0507 IAF, Tab 43, Initial Decision (0507 ID) at 1, 23. In so doing, the administrative judge found that the appellant nonfrivolously alleged that two of his three disclosures to OSC constituted protected disclosures under 5 U.S.C. § 2302(b)(8). 0507 ID at 10-14. However, he concluded that the appellant failed to make a nonfrivolous allegation that either disclosure was a contributing factor in any of the 35 purported personnel actions taken by the agency.[4] 0507 ID at 17-23. In so concluding, the administrative judge reasoned that the appellant had failed to provide dates for all but one of these alleged personnel actions, which appeared to have taken place before the appellant made his protected disclosures.[5] 0507 ID at 20-21. The administrative judge also reasoned that the appellant's allegations regarding the personnel actions were "vague and conclusory" and that the

---

[4] Because he so found, the administrative judge declined to make a specific finding regarding whether the appellant had exhausted his administrative remedies with OSC. 0507 ID at 23 n.22.

[5] In so reasoning, the administrative judge explained that, in its jurisdictional response, the agency had asserted that the alleged personnel actions had occurred before the appellant's disclosures and that the appellant "[did] not substantively refute the agency's contentions [regarding the timing of the alleged personnel actions]." 0507 ID at 21; 0507 IAF, Tab 29 at 8-10. A nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020). In assessing whether an appellant has made a nonfrivolous allegation, an administrative judge may consider the agency's documentary submissions; however, to the extent the agency's evidence contradicts the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). We find that, to the extent the administrative judge improperly considered the agency's pleadings in assessing the contributing factor jurisdictional criterion, any such reliance was harmless; indeed, as discussed herein, regardless of the agency's assertions concerning the dates of the alleged personnel actions, the appellant's vague allegations were insufficient to satisfy the subject criterion. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

appellant had failed to, among other things, identify the agency officials responsible for the large majority of the alleged actions. *Id.*

¶4 The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply to the agency's response. *Diazdelcastillo v. Department of Homeland Security*, MSPB Docket No. DC-1221-16-0507-W-1, Petition for Review (0507 PFR) File, Tabs 1, 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence[6] that he exhausted his administrative remedies before OSC and make nonfrivolous allegations[7] of the following: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 11, 14. To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only make a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect a personnel action in any way. *Id.*, ¶ 14.

¶6 On petition for review, the appellant objects to the Board's handling of a previous IRA appeal filed by the appellant, i.e., *Diazdelcastillo v. Department of Transportation*, MSPB Docket No. DE-1221-16-0234-W-1. 0507 PFR File, Tab 1 at 1-2. The appellant asserts that the Board's handling of this prior appeal unjustly created a "black mark" against him. *Id.* at 2. A review of the record of

---

[6] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[7] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

the prior appeal indicates that the appellant previously attempted to file an IRA appeal against the Department of Homeland Security; however, due to lack of clarity in his submissions, the Board named the Department of Transportation as respondent instead. *Diazdelcastillo v. Department of Transportation*, MSPB Docket No. DE-1221-16-0234-W-1, Initial Appeal File (0234 IAF), Tabs 1, 3. The administrative judge assigned to this prior matter dismissed the appeal for lack of jurisdiction; however, in so doing, he explained that the appellant could file a new IRA appeal against the Department of Homeland Security. 0234 IAF, Tab 10, Initial Decision at 3. The appellant did so, resulting in the instant appeal. We find that the appellant's substantive rights were not harmed by the Board's handling of his prior appeal and that his arguments related thereto do not warrant a different outcome in the instant appeal.

¶7        The appellant contends that both OSC and the agency have withheld documents that he needs for the instant IRA appeal. 0507 PFR File, Tab 1 at 2-8, 10-11. He avers that these documents "were previously submitted to OSC and contain about 2,500 pages of [d]isclosures." *Id.* at 2. We find the appellant's assertions in this regard both unclear and unavailing.[8] Indeed, although the appellant seemingly argues that some or all of these 2,500 documents will enable him to satisfy his jurisdictional burden, *id.* at 10-11, he neither describes the documents with any particularity nor explains why he is unable to make a nonfrivolous allegation of contributing factor absent the same,[9] *see Wagner v.*

---

[8] The record suggests that the appellant is requesting documents that he himself provided to OSC. *E.g.*, 0507 IAF, Tab 35 at 4. Although unclear, it appears that he may currently be in possession of at least some of these documents. To this end, he states as follows in his petition for review: "Appellant pleads to the MSPB to accept Appellant's identical documents other than the ones that could eventually be delivered to Appellant as requested by Appellant from OSC and TSA." 0507 PFR File, Tab 1 at 7-8 (grammar and punctuation in original).

[9] For instance, as discussed herein, the initial decision indicated that the appellant had failed to allege that his protected disclosures predated the majority of the 35 alleged personnel actions. 0507 ID at 20-21. Indeed, the appellant had asserted as follows in his response to the administrative judge's jurisdictional order: "[p]roceeding (sic) this

*Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table); *see also* 5 C.F.R. § 1201.114(b).  To the extent the appellant argues that the respondent agency should have provided him with these documents via discovery but failed to do so, 0507 PFR File, Tab 1 at 11, Tab 7 at 5, his failure to file a motion to compel before the administrative judge precludes him from raising the issue on review, *see Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).[10]  Thus, a different outcome is not warranted.

¶8        Regarding the contributing factor jurisdictional criterion, the appellant again provides a list of 35 alleged personnel actions, which appears to be identical to the list he submitted to the administrative judge.  0507 PFR File, Tab 1 at 10-13; 0507 IAF, Tab 13 at 5-9.  The appellant, however, still has not provided the information that would be necessary to make a connection between his disclosures and the alleged personnel actions, e.g., he has not alleged, even in the most general of terms, when the majority of these purported actions took place nor has he discernably indicated who took these purported personnel actions.  *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶¶ 14-15 (2012) (summarizing the various methods by which an appellant can satisfy the contributing factor criterion).  Indeed, despite being notified 3 times (once in the administrative judge's jurisdictional order, once in the agency's response to the jurisdictional order, and once in the initial decision itself) that he needed to allege this information, the appellant has detectably alleged a timeframe for only 1 of

disclosure [] I was subjected to the following reprisals."  0507 IAF, Tab 13 at 5.  On review, the appellant again fails to discernably allege that his disclosures were made prior to the majority of the alleged personnel actions, much less provide even a general timeline for the alleged actions.

[10] To the extent the appellant argues that the administrative judge erred in denying his request for a stay so that he could, among other things, obtain documents from OSC, 0507 ID at 3 n.5, we find his argument unavailing.  To the extent he requests the Board to order OSC to produce the subject documents, his request is denied.  0507 PFR File, Tab 1 at 10.

the 35 enumerated agency actions, i.e., his supervisor's January 6, 2011 failure to summon emergency medical services for him.[11]  0507 ID at 20-21; 0507 PFR File, Tab 1 at 11-13; 0507 IAF, Tab 7, Tab 29 at 8-10; *see El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 10 (2015) (explaining that, because the subject personnel action predated the disclosure, there was no way that the disclosure could have contributed to the personnel action), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016); *see also Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002) (indicating that an appellant is required to articulate claims with reasonable clarity and that the Board is not obligated to pore through a voluminous record to make sense of various allegations).  Thus, we agree that the appellant failed to make a nonfrivolous allegation that his protected disclosures contributed to a personnel action.

¶9      Last, the appellant avers that the administrative judge erred in finding that one of his disclosures was not protected.  0507 PFR File, Tab 1 at 8; 0507 ID at 14-17.  We find, however, that this argument is unavailing with regards to the

---

[11] We agree with the administrative judge's conclusion that the appellant's assertions regarding this January 6, 2011 incident do not constitute a nonfrivolous allegation of a personnel action as defined by 5 U.S.C. § 2302(a).  0507 ID at 21-22 & n.20; *see Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 15 (explaining that, to constitute a "significant change in duties, responsibilities, or working conditions" under section 2302(a)(2)(A)(xii), an agency action must have a significant impact on the overall nature or quality of an employee's working conditions, responsibilities, or duties).  Moreover, the appellant appears to argue on review that his supervisor's failure to summon emergency medical services was precipitated by racial discrimination.  0507 PFR File, Tab 1 at 15.

Although not addressed in the initial decision, we acknowledge that the appellant also alleged that the agency had "denied and failed to respond to numerous requests for information as to the status of [his] March 17, 2011 initial requests for medical accommodation via telework."  0507 IAF, Tab 13 at 8.  We can deduce that the agency's alleged denials/failures in this regard took place at some point after March 17, 2011, i.e., approximately 3 years after the appellant made his protected disclosures; however, we find that this allegation does not amount to a nonfrivolous allegation of a personnel action as defined by 5 U.S.C. § 2302(a).  Moreover, the appellant has not alleged who took this action or whether the acting individual(s) had actual or imputed knowledge of his 2008 disclosures.

contributing factor jurisdictional criterion, which is the dispositive issue in this matter. Indeed, even assuming that the administrative judge erred in finding that the appellant failed to make a nonfrivolous allegation that one of his three disclosures to OSC[12] was protected, the appellant's attempt to connect this disclosure to the alleged personnel actions suffers from the same infirmities as his attempt to connect the other disclosures to the alleged personnel actions.

¶10    Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[13]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[12] We clarify that the appellant's disclosures to OSC also constituted protected activity under 5 U.S.C. § 2302(b)(9)(C); however, given the appellant's failure to satisfy the contributing factor criterion, this issue is not material to the outcome of this appeal. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 62 (indicating that a disclosure of information to OSC constitutes protected activity under 5 U.S.C. § 2302(b)(9)(C) regardless of its content).

[13] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[14]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[14]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.